THE PEOPLE OF THE STATE OF NEW YORK ex rel. PUB-
LICITY LEASING COMPANY, Respondent, *v.* ALFRED LUD-
WIG, as Superintendent of Buildings of the Borough
of Manhattan, City of New York, et al., Appellants.

**New York (city of) — ordinance limiting the height of signs on
roofs — construction and effect thereof.**

The ordinance passed by the board of aldermen of the city of
New York limiting the height of signs on roofs is directed against
the height and insecurity of the structures prohibited, and from
the facts before the court it must be assumed that the board adopted
the ordinance in good faith pursuant to the police power vested in
it and for the purpose of guarding the public safety and conserving
the general welfare. (*People ex rel. Wineburgh Adv. Co.* v. *Murphy*,
195 N. Y. 126, distinguished; *Southern Leasing Co.* v. *Ludwig*, 217
N. Y. 100, approved.)

*People ex rel. Publicity Leasing Co.* v. *Ludwig*, 172 App. Div.
71, affirmed.

(Argued May 25, 1916; decided July 11, 1916.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
April 14, 1916, which reversed an order of Special Term
denying a motion for a peremptory writ of mandamus
and granted said motion.

The facts, so far as material, are referred to in the
opinion.

*Jesse S. Epstein* for Mecca Realty Company, appellant.
The Mecca Realty Company acquired a vested right under
the license. (*Southern Leasing Co.* v. *Ludwig*, 168
App. Div. 233; *Hinman* v. *Clarke*, 121 App. Div. 105;
*City of Buffalo* v. *Chadeayne*, 134 N. Y. 163; *Dobbins*
v. *Los Angeles*, 195 U. S. 223; *People ex rel. Lodes* v.
*Dept. of Health*, 189 N. Y. 196.) The ordinance of May
29, 1914, is void because it is unreasonable and oppressive.
(1 Dillon on Mun. Corp. [3d ed.] §§ 319–332; *Mayor, etc.,
of Hudson* v. *Thorne*, 7 Paige, 261; *Mayor, etc.,* v. *Dry
Dock, E. B. & B. R. R. Co.*, 133 N. Y. 104; *Fire Dept.*

v. *Gilmour*, 149 N. Y. 453; *People ex rel. Wineburgh* v. *Murphy*, 195 N. Y. 126; *Crawford* v. *City of Topeka*, 51 Kan. 670; *Western Co.* v. *Knickerbocker Co.*, 103 Col. 111; *People* v. *Green*, 85 App. Div. 400; *City of Chicago* v. *Gunning System*, 214 Ill. 628; *Commonwealth* v. *Boston Advertising Co.*, 188 Mass. 348; *Bill Posting Sign Co.* v. *Atlantic City*, 58 Atl. Rep. 342; *Passaic* v. *Paterson Bill Posting, etc., Co.*, 72 N. J. L. 285.)

*Hector M. Hitchings* for O. J. Gude Company, appellant. A permit lawfully issued by a city department having authority to issue the same, when once acted upon and money spent in carrying out the same before recall or revocation, becomes a license irrevocable either by the department granting the same or by the common council. (*Hinman* v. *Clark*, 121 App. Div. 105; 193 N. Y. 640; *Matter of Walker*, 84 Misc. Rep. 118; *City of Buffalo* v. *Chadeayne*, 134 N. Y. 166.)

*Lamar Hardy, Corporation Counsel* (*Terence Farley* and *John F. O'Brien* of counsel), for superintendent of buildings, appellant.

*Walter H. Bond* for respondent. The ordinance of May 29, 1914, is valid because it is a proper exercise of the police power and is reasonable. (*People ex rel. Van Beuren & N. Y. B. P. Co.* v. *Miller*, 161 App. Div. 138; *People ex rel. W. A. Co.* v. *Murphy*, 195 N. Y. 126; *People ex rel. Kemp* v. *D'Oench*, 111 N. Y. 359; *City of Rochester* v. *West*, 29 App. Div. 125.) The relator, Publicity Leasing Company, has legal capacity to maintain this proceeding. (*People ex rel. B. K. & Co.* v. *Stover*, 145 App. Div. 262; 203 N. Y. 613; *People ex rel. Cross Co.* v. *Ahearn*, 124 App. Div. 840; *People ex rel. Pumpyansky* v. *Keating*, 168 N. Y. 390.) To maintain this proceeding it is not necessary that relator, Publicity Leasing Company, should show special interest, or that its private rights are in any way invaded or affected. (*People ex rel. Pumpyansky* v. *Keating*, 168 N. Y. 370; *People ex rel. Cross Co.* v. *Ahearn*, 124 App. Div. 840;

542  People ex rel. Publicity Leasing Co. *v.* Ludwig.

[218 N. Y.]                 Opinion, per Chase, J.                    [July,

*People ex rel. B. K. & Co.* v. *Stover*, 145 App. Div. 262; 203 N. Y. 613.)

Chase, J.   This is a special proceeding by which a writ of peremptory mandamus is sought to compel the superintendent of buildings in the borough of Manhattan, in the city of New York, to remove a roof sign structure therein described.

The material facts appearing in the record are stated in the opinion in the Appellate Division herein, and it is unnecessary to repeat them. (*People of the State of New York ex rel. Publicity Leasing Co.* v. *Ludwig*, 172 App. Div. 71.)   The expenditures which the appellant Mecca Realty Company alleges that it made before and after February 19, 1914, and prior to the enactment of the ordinance of May 29, 1914, were not such as to give to it or its assignee a vested right to erect, rebuild or alter its existing sign in violation of the ordinance under consideration.

We concur in the opinion of the Appellate Division. We also repeat the language of this court in *Southern Leasing Company* v. *Ludwig* (217 N. Y. 100, 104) as follows: " If the superintendent of buildings wrongfully refuses to remove it (the roof sign structure in question), the remedy of mandamus is available to any citizen to hold him to the performance of his duty."

There is no reason for an opinion on this appeal except to say that the prohibition in the ordinance in question is directed against the height and insecurity *of the structures* prohibited.   It does not appear in the ordinance under consideration as in the ordinance in the *Wineburgh* case (*People ex rel. Wineburgh Adv. Co.* v. *Murphy*, 195 N. Y. 126) that it was not enacted in the interest of public safety or to conserve the general welfare or that it is necessarily arbitrary and unauthorized.   The ordinance relates to the structure as such.   It is confined to structures of the character of those used on which to place signs. It is apparent that the danger to the public in maintaining

such a structure is increased as the structure is increased in height. It is also apparent that the structures mentioned in the ordinance whether erected on the ground or upon buildings are likely to become a source of danger to the public if they are inordinately increased in height.

It was said in the *Wineburgh* case that "The police power, so difficult to define, but so frequently invoked, is confined to such reasonable restrictions and prohibitions as are necessary to guard public health, morals and safety, and to conserve public peace, order and the general welfare. Regulations and ordinances within such general definitions are valid. The city may make and enforce such regulations and ordinances, although they interfere with and restrict the use of private property. Compensation for such interference with and restriction in the use of property is found in the share that the owner enjoys in the common benefit secured to all." (p. 131.)

The ordinance was not shown to be unreasonable and arbitrary simply because it is possible to build a sign structure as high as the one proposed by the defendant corporation and yet make the same approximately safe. Such a claim could be made in regard to a particular structure of inordinate height.

If the ordinance does not come within the general definition of valid ordinances stated, but is unnecessary and so arbitrary and unreasonable as to violate constitutional property rights, further facts than shown should have been presented to the court by the appellant.

From the facts before us we think that it must be assumed that the board of aldermen adopted the ordinance in good faith pursuant to the police power vested in them and for the purpose of guarding the public safety and conserving the general welfare.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Order affirmed.