## OPINION OF THE JUSTICES TO THE SENATE.

Under art. 50 of the Amendments to the Constitution, which provides that "Advertising on public ways, in public places and on private property within public view may be regulated and restricted by law," the General Court by statute may authorize cities or towns by ordinances or by-laws to regulate and restrict advertising on public ways, in public places and on private property within public view.

Whether an ordinance or a by-law passed by a city or town under the authority of such a statute would be in violation of the Fourteenth Amendment to the Constitution of the United States cannot be determined until such ordinance or by-law has been framed and enacted, but a statute authorizing lawful enact-ments of this character by cities or towns would not be unconstitutional.

A provision in a statute, regulating advertising on public ways, in public places and on private property within public view, attempting to impose "a special betterment tax" on the owner or lessee of the land on which an advertising sign or device is located, would be unconstitutional, because such statutory provisions do not create a betterment.

A provision in a statute giving the board of aldermen of a city or the selectmen of a town power to grant or withhold required licenses for all advertising billboards, signs or signboards, including those on all land in such cities or towns whether "within public view" or not, would be unconstitutional.

A statute prohibiting advertising signs and devices "within three hundred feet of a public building, public memorial, public way, park, playground or other public property," except such as refer to a business conducted within the building on which the advertising sign or device is placed, would be unconstitutional, because the prohibition includes advertising signs and devices on private property which are hidden from public view by intervening obstructions and is not confined to those "within public view."

THE following order was passed by the Senate on June 16, 1919, and on June 19, 1919, was transmitted to the Justices of the Supreme Judicial Court. On June 25, 1919, the Justices returned the answer which is subjoined.

WHEREAS, There are pending before the General Court certain bills providing for the regulation of advertising on public ways, in public places and on private property within public view, to wit, Senate Bill numbered 227 and House Bills numbered 629, 835, 1062 and 1063, copies of which are hereto annexed, and

WHEREAS, Grave doubt exists as to the extent of the powers of the Legislature in respect to the subject-matter of these bills, especially as affected by Article L of the Amendments to the Constitution, therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the Senate on the following important question of law:

Would any or all of said bills be unconstitutional in whole or in part, if enacted into law?

Senate Bill No. 227, referred to above, was as follows:

An Act to provide for the Restriction and Regulation of Advertising on Public Ways and Public Places and on Private Property within Public View.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

SECTION 1. No advertising sign or device of any kind for advertising purposes shall hereafter be erected or placed within three hundred feet of a public building, public memorial, public way, park, playground or other public property, except as provided in this act.

SECTION 2. No sign shall be erected or painted upon or attached to any building, anywhere, except such sign as shall refer to a business conducted within such building, and no such sign shall extend above the cornice of a building or be placed upon the roof of any building, or project into or over a street, sidewalk or public way to a distance of more than two feet.

SECTION 3. No sign shall anywhere be painted upon or attached to any mountain, cliff, boulder, tree or other natural ob-

ject, and no existing sign of any kind, anywhere, shall be repainted, repaired or renewed except in conformity with this act.

SECTION 4. Signs to advertise land for sale may be placed not nearer than two times their height to any travelled way, and they may be placed only upon such land as is for sale, and no such sign shall contain a superficial area of more than twenty square feet.

SECTION 5. All existing signs not in conformity with this act shall be removed by the person or persons upon whose property they are erected within two years of the date of the passage of this act.

SECTION 6. Every violation of this act shall be punished by a fine of not less than one hundred dollars or by imprisonment for not less than one month or by both such fine and imprisonment.

SECTION 7. All laws and parts of laws inconsistent herewith are hereby repealed.

SECTION 8. This act shall take effect upon its passage.

House Bill No. 629, referred to above, was as follows:

An Act to authorize, Cities and Towns to regulate and restrict Advertising on Public Ways, in Public Places and on Private Property within Public View.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

SECTION 1. A city or town may by ordinances or by-laws regulate and restrict advertising on public ways, in public places and on private property within public view.

SECTION 2. The Supreme Judicial Court or the Superior Court shall have jurisdiction in equity on the petition of a city or town, or of any officer thereof charged with the duty of enforcing the provisions of such ordinances or by-laws, or on the petition of any interested party to restrain the erection or maintenance of any sign or advertising matter erected or maintained in violation of the provisions of any ordinance or by-law adopted under the provisions of section one of this chapter and to order its removal or abatement as a nuisance.

SECTION 3. This act shall take effect upon its passage.

House Bill No. 835, referred to above, was as follows:

An Act relative to the Regulation of Advertising in Public Places.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

SECTION 1. The selectmen of towns and the board of aldermen of cities are hereby given authority to regulate advertising on public ways, in public places and on private property within public view and to issue and impose reasonable restrictions in regard to same.

SECTION 2. The owner, lessee, or person to whom the land belongs on which said sign or device is located shall be liable to pay a special betterment tax annually, to be used in keeping in repair and maintaining the public way from which said sign or device can be read by users of said way, and said special annual betterment tax shall be assessed by the assessors, and shall be collected in the way and manner in which taxes on real estate are levied or collected. The amount of this special betterment tax shall be determined by the superficial area or number of square feet contained within the outside edges of the sign or device, including any margin or background when it is displayed on any existing building, structure or object, and shall be the superficial area contained within the outside edges of the structure or surface on which said sign or device is displayed when it is displayed upon a separate structure; but said area shall only include the surface on the side on which said sign or device is displayed. The special betterment tax to be assessed, levied, and collected shall be twenty-five cents per square foot a year in each and every year or part of a year during which said sign or device is displayed.

SECTION 3. The money collected from said special betterment tax shall be expended in repairing, maintaining, or improving the public way near which said sign or device is located, if it is a way which the town has to maintain, but if said way is a State highway the treasurer of the town shall annually on or before November thirtieth in each year pay to the Treasurer of the Commonwealth the amount of any such special betterment tax which is collected by reason of any such sign or device being located where it is readable by the users of any State highway,

and said money when so received by the treasurer shall be available, without special appropriation, and shall be expended for the repair, maintenance, or improvement of State highways.

SECTION 4.    All acts and parts of acts inconsistent herewith are hereby repealed.

House Bill No. 1062, referred to above, was as follows:

An Act relative to Advertising in Public Places.          •

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

SECTION 1.    Cities and towns of the Commonwealth are authorized to regulate and restrict by ordinance advertising on private property within public view, and may issue licenses to erect, place, show or post advertising devices, billboards, signs or signboards on such private property, and prescribe the fees therefor, and may revoke such licenses for failure to comply with the conditions prescribed in any such license.

SECTION 2.    This act shall take effect upon its passage.

House Bill No. 1063, referred to above, was as follows:

An Act to provide for the Regulation of Billboards, Signs and Signboards by Cities and Towns.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

SECTION 1.    Within the meaning of this act a billboard, sign or signboard is any board or space upon a board or upon a building or upon a structure of any kind, which is used for advertising a business or the sale of goods, wares or merchandise or the treatment of disease of human beings or animals in cases where the business, sale or treatment is not transacted, made or practiced upon the premises whereon the advertisement appears.

SECTION 2.    Whoever desires to erect or place such a billboard, sign or signboard shall first apply for a license to the board of aldermen of the city or the selectmen of the town concerned. The application shall describe the premises upon which the billboard, sign or signboard is to be placed, the date upon which it is to be placed, and the date upon which it is to be discontinued.

The board in its discretion may grant or refuse to grant such license. In no instance shall a license be granted for a longer period than one year or a shorter period than one week.

SECTION 3. The inspector of buildings of the city or town in which the billboard, sign or signboard is placed or any official acting in the capacity of inspector of buildings shall exercise supervision over the same, shall take the measurements of the same, and shall keep a record stating the name of the owner, situation of the sign and the measurements thereof, and this record shall be open to public inspection.

SECTION 4. Any billboard, sign or signboard erected, placed or posted in violation of this statute or maintained in non-compliance with its provisions shall be abolished by the inspector of buildings.

SECTION 5. The owners of billboards, signs or signboards which were erected, placed or posted previous to the passage of this act shall within thirty days after its passage apply for the license aforesaid.

To the Honorable Senate of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, have considered the questions upon which our opinion is required by the order of June 16, 1919, a copy of which is hereto annexed, and respectfully submit this opinion.

Article 50 of the Amendments to the Constitution is in these words: "Advertising on public ways, in public places and on private property within public view may be regulated and restricted by law." The words "regulated and restricted" do not confer power to prohibit utterly and without bound but only to establish reasonable limitations. This is the significance of the words of Amendment 50 in the light of its history, whatever may be the meaning of power "to regulate" in other connections. See *Gibbons* v. *Ogden*, 9 Wheat. 1, 189–193.

The precise phrase of Amendment 50 is followed in the crucial parts of House Bill No. 629 and House Bill No. 1062. They violate no other provisions of the Constitution. It is within the power of the General Court to authorize the enactment of ordinances or by-laws by cities and towns respecting matters of special and local interest. *Commonwealth* v. *Slocum*, 230 Mass. 180, 190.

As we construe the meaning of art. 50 there is at any rate nothing contrary to the Constitution of the United States in these two bills. *St. Louis Poster Advertising Co.* v. *St. Louis,* 249 U. S. 269. Whether limitations imposed pursuant to House Bill No. 629 and House Bill No. 1062 would be repugnant to the Fourteenth Amendment to the Constitution of the United States is a question which does not arise until particular limitations have been enacted. Neither of these bills, if enacted, would be unconstitutional.

For the same reasons section one of House Bill No. 835 is not contrary to the Constitution. But the remaining sections of that bill are not in accordance with the Constitution. That bill is in substance an attempt to exercise the power of raising revenue by levying "a special betterment tax." The provisions of that bill do not constitute a betterment and cannot be the basis for assessing a betterment tax.

Section one of House Bill No. 1063, which is a definition of billboard, sign or signboard, is not unconstitutional. The second section of that bill vests an absolutely unrestricted power in the untrammelled discretion of boards of aldermen and selectmen as to the granting and refusal of licenses for the erection or placing of any billboard, sign or signboard as defined in section one. It includes all land within the Commonwealth whether "within public view" or not. It does not come within the terms of art. 50 of the Amendments or of other provisions of the Constitution. The remaining sections are ancillary to section two and fall with it. With the exception of section one, that bill, if enacted, would be unconstitutional.

Senate Bill No. 227 manifestly does not rest upon those provisions of art. 50 of the Amendments which relate to advertising on public ways and in public places, but upon that concerning advertising "on private property within public view." That bill prohibits entirely advertising signs and devices "within three hundred feet of a public building, public memorial, public way, park, playground or other public property," except such as refer to a business conducted within the building on which the advertising sign or device is placed. It is apparent that such prohibition includes advertising signs or devices hidden from public view by intervening obstructions and is not confined to those

"within public view." Legislation of that nature would be beyond the plain scope of the amendment and hence unconstitutional. This consideration disposes of that bill. Other questions which might arise if it were not open to this fatal objection need not be discussed.

> ARTHUR P. RUGG.
> WILLIAM CALEB LORING.
> HENRY K. BRALEY.
> CHARLES A. DE COURCY.
> JOHN C. CROSBY.
> EDWARD P. PIERCE.
> JAMES B. CARROLL.