In the Matter of MID-STATE ADVERTISING CORPORATION, Appellant, against JOHN A. BOND, as Fire Marshal and Superintendent of Buildings of the City of Troy, Respondent.

Argued January 27, 1937; decided April 27, 1937.

*John H. Broderick* for appellant. The ordinance adopted by the Common Council of the city of Troy, adding section 6-a to the zoning ordinance of the city of Troy, is unconstitutional and void. (*Cowan* v. *City of Buffalo*; 247 App. Div. 591; *Fisher Co.* v. *Woods*, 187 N. Y. 90, *Matter of Jacobs*, 98 N. Y. 98; *People* v. *Gillson*, 109 N. Y. 389; *People* v. *Ewer*, 141 N. Y. 129; *City of Worcester* v. *Worcester Con. St. Ry. Co.*, 196 U. S. 539; *City of Pawhuska* v. *Pawhuska Oil & Gas Co.*, 250 U. S. 394; *Matter of McAneny* v. *Bd. of Estimate*, 232 N. Y. 377; *People* v. *Kuc*, 272 N. Y. 72; *People ex rel. Friend* v. *City of Chicago*, 261 Ill. 16; *City of New York* v. *Wineburgh Advertising Co.*, 122 App. Div. 748; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219; *Burns Baking Co.* v. *Bryan*, 264 U. S. 504; *Tenement House Dept.* v. *Moeschen*, 179 N. Y. 325; *Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288; *Thousand Island Park Assn.* v. *Tucker*, 173 N. Y. 203; *People ex rel. Wineburgh Advertising Co.* v. *Murphy*, 195 N. Y. 126; *People ex rel. Standard Bill Posting Co.* v. *Hastings*, 77 Misc. Rep. 453; 153 App. Div. 920; 207 N. Y. 763; *Varney & Green* v. *Williams*, 155 Cal. 318.)

*Frank S. Parmenter, Corporation Counsel* (*John P. Judge* of counsel), for respondent. The ordinance is presumptively valid and constitutional and the burden is on the petitioner to show the contrary. (*People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 553; *Village of North Pelham* v. *Ohliger*, 216 App. Div. 728; *Matter of Wolfsohn* v. *Burden*, 241 N. Y. 288; *Town of Islip* v. *Summers Coal & Lumber Co.*, 257 N. Y. 167; *Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 365; *O'Gorman & Young* v. *Hartford Fire Ins. Co.*, 282 U. S. 251.) The ordinance is not confiscatory, unreasonable, arbitrary or unequal. (*Rice* v. *Van Vranken*, 132 Misc. Rep. 82; *City of Rochester* v. *West*, 164 N. Y. 510; *Perlmutter* v. *Greene*, 259 N. Y. 327; *Cusack Co.* v. *City of Chicago*, 242 U. S. 526.) The ordinance does not exceed the express

and implied powers of the city. (*City of Rochester* v. *West*, 164 N. Y. 510; *People ex rel. Dunn* v. *Ham*, 166 N. Y. 477; *People ex rel. Wineburgh Advertising Co.* v. *Murphy*, 195 N. Y. 126; *Matter of Stubbe* v. *Adamson*, 173 App. Div. 305; *Matter of Wolfsohn* v. *Burden*, 241 N. Y. 288.)

LOUGHRAN, J. Appellant applied to the respondent, as Superintendent of Buildings of the city of Troy, for permits to erect billboards for general advertising purposes on property of the appellant in that city. The application was denied under an ordinance of the city which provides: "It shall be unlawful to construct or erect any billboard and/or signboard within the corporate limits of the City of Troy, except upon real property owned or leased by the occupants thereof and for the sole purpose of advertising the sale of such real property or of merchandise kept for sale upon such premises. The provision of this Ordinance shall not apply to sky signs, as provided for in Section 172 of the Building Code, erected or to be erected upon buildings three stories or more in height."

A peremptory order of mandamus directing issuance of the permits so applied for was granted by the Special Term. The Appellate Division reversed on the law. The single question presented to us is that of the constitutional validity of the foregoing ordinance.

We think the ordinance is void on its face. It is not an attempt by zoning to exclude billboards or other advertising signs from localities where such devices might mar the beauty of natural scenery or distract travelers on congested city streets. Even were we to assume that outdoor advertising on private property within public view may without compensation be restricted by law for cultural or aesthetic reasons alone, this prohibition, which includes *all* land in the city of Troy, without definition of the structures proscribed or other standard of regulation, cannot be sustained consistently with fundamental

constitutional principles. (N. Y. Const. art. 1, § 6; U. S. Const. 14th Amend. § 1. Cf. *People ex rel. Wineburgh Adv. Co.* v. *Murphy*, 195 N. Y. 126; *People ex rel. Publicity Leasing Co.* v. *Ludwig*, 218 N. Y. 540; *People* v. *Rubenfeld*, 254 N. Y. 245, 248, 249; *Perlmutter* v. *Greene*, 259 N. Y. 327. See *Opinion of Justices*, 232 Mass. 605; *General Outdoor Adv. Co.* v. *Dept. of Public Works*, 289 Mass. 149; Freund, Police Power, § 182; Larremore, Public Aesthetics, 20 Harvard Law Review, 35.)

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

FINCH, J. (dissenting). The city of Troy, through its duly chosen representatives, has enacted an ordinance prohibiting the erection of billboards or signboards within the city limits, except for the purpose of advertising the sale of the real property upon which they are placed or of merchandise kept for sale upon the premises. Excepted, also, are sky signs erected upon buildings three stories or more in height. This court is about to declare the ordinance void as being unconstitutional.

It is not unreasonable for a municipality or a State to desire to beautify its streets or highways. Legislation designed to eliminate advertising signs which tend to mar such beauty and annoy travelers upon the highway should not be deemed arbitrary

Such a restriction upon the rights of a property owner is not a taking of private property for public use for which the city must compensate the owner. There has been no taking of private property. There has been merely a restriction on the use of the property retained by the property owner. " This is very different from the right of eminent domain, the right of a government to take and appropriate private property to public use, whenever the public exigency requires it; which can be done only on condition of providing a reasonable compensation therefor. * * * [The owner] is restrained; not because the

public have occasion to make the like use, or to make any use of the property, or to take any benefit or profit to themselves from it; but because it would be a noxious use, contrary to the maxim, *sic utere tuo, ut alienum non laedas.* It is not an appropriation of the property to a public use, but the restraint of an injurious private use by the owner, and is therefore not within the principle of property taken under the right of eminent domain." (Ch. J. SHAW in *Commonwealth* v. *Alger,* 7 Cush. [Mass.] 53, 85, 86.)

Every restriction upon the use of property imposed under the police power deprives the owner of some right and is in that sense an abridgment of rights in property without making compensation. Nevertheless, such restrictions, where reasonable, have been held not to deprive the owner of property in violation of the Constitution. The property remains in the possession of the owner. The State does not appropriate it or make use of it. Thus it is not a taking of private property for public use for a State to authorize encroachment by party walls in cities (*Jackman* v. *Rosenbaum Co.,* 260 U. S. 22), to fix the height of buildings (*Welch* v. *Swasey,* 214 U. S. 91), to exclude from residential areas offensive trades (*Reinman* v. *Little Rock,* 237 U. S. 171), or to establish zoning areas (*Zahn* v. *Board of Public Works,* 274 U. S. 325). Restrictions upon the use of property are limited by the due process clause of the Federal and State Constitutions. Legislation that is unreasonable, arbitrary or capricious cannot be sustained, but laws which have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, satisfy requirements of due process, and where the law applies equally to all property owners there is no denial of equal protection of the laws. We are inclined to overlook the fact that save for the three exceptions above mentioned, namely, a taking of property, a compliance with the clauses of due process, and an equal protection of the laws, the legislative power of a State of the United States is abso-

lute and unlimited, and every act of the Legislature must be presumed to be in harmony with the Constitution until the contrary is made clearly to appear.

The appellant refers us to cases in this State and others which have held that statutes restricting the display of advertising signs are unconstitutional if they are based solely upon aesthetic grounds. (*People ex rel. Wineburgh Adv. Co.* v. *Murphy*, 195 N. Y. 126; *Opinion of Justices*, 232 Mass. 605; *Varney & Green* v. *Williams*, 155 Cal. 318.) Although such a law may have been unwarranted in New York in 1909, when the *Wineburgh* case was decided, it does not follow that it is unconstitutional today. The Constitution, it is true, does not change with the times, nor does an emergency or unusual circumstances warrant a disregard of constitutional provisions. A determination of what is due process, aside from procedural matters, however, depends upon the reasonableness of the legislation. Circumstances, surrounding conditions, changed social attitudes, newly-acquired knowledge, do not alter the Constitution, but they do alter our view of what is reasonable. Restrictions upon the use of property, which were deemed unreasonable in 1909, are regarded today as entirely reasonable and natural. " The field of regulation constantly widens into new regions." On innumerable occasions the courts have found that with the passage of years, legislation, at one time deemed unreasonable, has become entirely acceptable. (Cf. *Adkins* v. *Children's Hospital*, 261 U. S. 525; *West Coast Hotel Co.* v. *Parrish*, 300 U. S. 379; *Block* v. *Hirsh*, 256 U. S. 135; *Chastleton Corp.* v. *Sinclair*, 264 U. S. 543; *Home Bldg. & Loan Assn.* v. *Blaisdell*, 290 U. S. 398. See Sharp, Movement in Supreme Court Adjudication, A Study of Modified and Overruled Decisions, 46 Harv. Law Rev. 361, 593, 795.)

Moreover, *People ex rel. Wineburgh Adv. Co.* v. *Murphy* (195 N. Y. 126) dealt only with sky signs, which have been

specifically excepted from the effect of the ordinance in the case at bar, and this court has only recently stated: "One of the unsettled questions of the law is the extent to which the concept of nuisance may be enlarged by legislation so as to give protection to sensibilities that are merely cultural or aesthetic." (*People* v. *Rubenfeld*, 254 N. Y. 245, 248; *Perlmutter* v. *Greene*, 259 N. Y. 327, 332.)

Can it be said that it is unreasonable to decide that a city without ugly and distracting billboards is a more attractive and a more desirable place to dwell in than a city so disfigured? In a number of cases the courts have held that statutes and ordinances limiting or prohibiting billboards are constitutional. (*Perlmutter* v. *Greene*, 259 N. Y. 327; *Cusach Co.* v. *City of Chicago*, 242 U. S. 526; *St. Louis Poster Adv. Co.* v. *St. Louis*, 249 U. S. 269; *Gibbons* v. *Missouri, K. & T. R. Co.*, 142 Okla. 146; *Horton* v. *Old Colony Bill Posting Co.*, 36 R. I. 507; *Cream City Bill Posting Co.* v. *City of Milwaukee*, 158 Wis. 86; *Kansas City Gunning Adv. Co.* v. *Kansas City*, 240 Mo. 659; 72 A. L. R. 465.) In many of these cases it has been admitted in the opinion that the primary motive of the statute seemed to be an aesthetic one, but the courts, still hesitant to uphold the legislation on that ground alone, have made reference to the fact that the statutes might be sustained also as health or safety measures. Often the health or safety element has been slight indeed.

"The [police] power is not limited to regulations designed to promote public health, public morals or public safety or to the suppression of what is offensive, disorderly or unsanitary but extends to so dealing with conditions which exist as to bring out of them the greatest welfare of the people by promoting public convenience or general prosperity." (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288, 298.)

Recently Massachusetts held, despite an earlier decision to the contrary, that prohibitions against, and restrictions upon, the display of billboards are constitutional

although they can be justified only upon aesthetic grounds. (*General Outdoor Adv. Co.* v. *Dept. of Public Works,* 289 Mass. 149; Gardner, The Massachusetts Billboard Decision, 49 Harv. Law. Rev. 869.) The United States Supreme Court has upheld an ordinance zoning a village which entirely excluded billboards from most of the zones. (*Village of Euclid* v. *Ambler Realty Co.,* 272 U. S. 365.) It is submitted that it cannot be said today that an ordinance forbidding the display of billboards is unreasonable, arbitrary or capricious, even though it is based solely upon the desire to improve the appearance of the city.

It is objected by some that, while the prohibition of advertising signboards would be lawful if applied to a residential district alone, such prohibition is not lawful if extended to business districts. Perhaps the prohibition is more desirable in a residential area than in a business district. Perhaps factories, stores and the industrial sections of a city naturally tend to be ugly, but it does not follow that business may not be carried on amid more pleasant surroundings. Certainly any city enacting such an ordinance would present a more pleasing picture to the eye than one plastered with blatant signboards. Psychologists and business men themselves tell us that in pleasant surroundings work is done more efficiently. A city might well conclude that it is more likely to attract commercial enterprises and permanent residents if it improves its appearance; that its residents will gain financially by such an improvement; or that the elimination of distracting and annoying billboards will add to the physical and mental well-being of its inhabitants. Such a conclusion is not unreasonable. The billboard eyesore is in many ways akin to annoying sounds and undesirable odors which undoubtedly can be prohibited. Although such restrictions may be more desirable in residental areas, nevertheless, their extension to business districts cannot be termed unreasonable. It is said that in business districts such signs do not mar the beauty of natural scenery or distract travelers on the city streets.

Beauty in such areas may not be so obvious, but that does not prevent the city from restraining additional ugliness.

The order of the Appellate Division should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN and RIPPEY, JJ., concur with LOUGHRAN, J.; FINCH, J., dissents in opinion; HUBBS, J., taking no part.

Ordered accordingly.