■ FLOYD I. CROMWELL, Appellant, v. HARVEY FERRIER et al., Constituting the Zoning Board of Appeals of the Town of Wallkill, Respondents.— In a proceeding under article 78 of the CPLR, the petitioner appeals from a judgment of the Supreme Court, Orange County, entered June 15, 1965, which denied his application to annul a determination of the Zoning Board of Appeals of the Town of Wallkill suspending completion of billboards adjacent to a public highway as a zoning law violation and to direct the board to issue a permit for such completion. Judgment affirmed, without costs. The ordinance permits signs on lots devoted to a particular use, advertising such use. A "lot" is defined as a parcel used by one principal building with its accessory buildings. Otherwise advertising signs are proscribed. Petitioner maintains a diner and service station on land owned by him on the westerly side of Route 17. On vacant land also owned by him on the easterly side of the highway, the petitioner proposes to maintain two 12 by 48-foot signs advertising the diner and station. We regard the ordinance as reasonably regulating the erection of signs in the town (cf. *New York State Thruway Auth.* v. *Ashley Motor Court,* 10 N Y 2d 151; *Koffman* v. *Town of Vestal,* 23 A D 2d 199). Its provisions are substantially different from those considered in *Matter of Mid-State Advertising Corp.* v. *Bond* (274 N. Y. 82) where erection of billboards or signboards, save for three isolated exceptions, was prohibited throughout the City of Troy. In the instant ordinance, prohibition is restricted to vacant lots and to lots used for a purpose different from the subject of the advertising sign. The ordinance thus promotes symmetry and protects the town from becoming an eyesore. The signs in question, insofar as concerns locality, could be legally placed on the very lots which are to be advertised. Ughetta, Acting P. J., Brennan and Hopkins, JJ., concur; Rabin and Benjamin, JJ., dissent and vote to reverse and to grant the application, with the following memorandum: There is no showing that the sweeping ban on advertising signs in this ordinance is required for traffic safety or esthetic considerations. In our opinion, this flat prohibition of all advertising signs on all vacant land is unreasonable and confiscatory. On the authority of *Matter of Mid-State Advertising Corp.* v. *Bond* (274 N Y 82), we believe the ordinance to be unconstitutional.